SARTAIN, Judge.
The sole issue presented on this appeal is one of quantum. For an injury sustained in an automobile accident which occurred on August 29, 1975, plaintiff was awarded the sums of-$6,000.00 for general damages and $2,420.08 for special damages. It is from this judgment that plaintiff has appealed. We affirm.
In his written reasons for judgment, the trial judge stated:
“Expert medical testimony indicates that the plaintiff sustained personal injuries consisting of multiple contusions, abrasions and lacerations, cerebral concussion, multiple right rib fractures, and atelectasis of the left lower lobe as a result of the accident. The plaintiff was hospitalized for eight days. The testimony of Dr. Perry Chesney indicates that Mr. Frickie made a complete recovery from these injuries by November 7, 1975, sustaining only a large scar on his scalp.
“Dr. Chesney further testified that the plaintiff had a heart condition before the accident but that such condition did not serve to complicate the treatment of Mr. Frickie. Dr. Chesney did state, however, that the treatment administered to the plaintiff for the atelectasis condition is uncomfortable.
“The plaintiff also consulted Dr. Cox, an ear, nose and throat specialist, with complaints of hoarseness and pain in swallowing. Dr. Cox testified that Mr. Frickie had sustained a moderately severe injury to the larynx as a result of the collision. This condition was treated and has subsided with no expectation of further disability.
“The plaintiff also alleges that he suffered the loss of one of his teeth as a result of the collision. This tooth was extracted on October 30, 1975. The testimony of Dr. Cefalu, the plaintiffs dentist, indicated that Mr. Frickie was suffering from extensive peridontal disease prior to the accident. Looseness and/or loss of teeth is normally associated with this disease. Dr. Cefalu’s testimony was to the effect that it was possible that this tooth would have been extracted anyway and it was'also possible that the automobile accident forced extraction at an earlier date.
“The plaintiff was suffering from a heart condition prior to the accident, as noted earlier. Dr. Mack testified that after the accident, a change was noted in Mr. Frickie’s angina pattern, which is merely a subjective reaction to pain. Such change was, in the opinion of Dr. Mack, caused by both the accident and increase in the plaintiff’s age.
“The testimony of the plaintiff himself, as well as that of Gerald Long, a personal friend of the plaintiff, indicated that since the accident, plaintiff is no longer as physically active as he used to be.
*449 “Considering the medical testimony, it appears that the plaintiff initially suffered substantial injuries from which he had essentially recovered within a period of three months. His own testimony shows concern and apprehension regarding his physical condition as the injuries relate to his long-standing heart condition. While the medical evidence does not indicate any appreciable aggravation of his heart condition, the Court is inclined to believe that the injuries may have occasioned him some physical and mental distress. For these injuries, the Court believes the sum of $6,000.00 is adequate compensation. His special damages as noted above amount to $2,420.08.”
For the purpose of showing the impropriety of the award for personal injuries, plaintiff has cited numerous cases involving single injuries where the awards ranged from one to nine thousand dollars. While he does not advocate that a specific sum should be awarded for each type of injury he sustained, he does contend that the amount awarded for the totality of all of his injuries evidences a clear case of an abuse of discretion.
While we are of the opinion that the amount of $6,000.00 awarded plaintiff in the instant case is very definitely in the low range, we do not find that it constitutes an abuse of discretion vested in the trial court. C.C. Art. 1934(3); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Finally, plaintiff notes that the judgment signed by the trial judge fails to provide legal interest on the sum awarded. This is obviously an oversight and should be corrected.
Accordingly, for the above reasons, the judgment appealed is amended to provide legal interest thereon from date of judicial demand until paid and in all other respects is affirmed at defendants-appellees’ costs.
AS AMENDED AFFIRMED.